**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5057

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEUNTE L. HUMPHRIES,

Defendant  - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-100)

Submitted:  June 20, 2005          Decided:  July 29, 2005

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reuben V. Greene, ROBERT WALKER & ASSOCIATES, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Roderick C. Young, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Deunte L. Humphries was convicted of possession with intent to distribute a mixture containing oxycontin and acetaminophen, 21 U.S.C. § 841(a) (2000), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2000). He now appeals. Because the evidence was sufficient to sustain both convictions, we affirm.

I

Officer Gary Venable testified at a bench trial that on the evening of January 25, 2003, he was patrolling the Highland Park area of Richmond, Virginia, which has several open-air drug markets and much drug-related violent crime. Humphries saw Venable and performed an "unconscious security check" by moving his hand to his waistband to ensure that something of value such as a weapon was still there. Venable approached Humphries, who began quickly walking away, ignoring Venable's instructions first to stop and then not to enter a residence.

When Humphries, who had about him a strong odor of marijuana, entered the residence, Venable removed him from the residence and told Humphries that he was under arrest. Venable and Humphries struggled; during the struggle, Venable felt what he thought was a handgun secreted in Humphries' clothing. During a search of Humphries' person, Venable recovered 2.2 grams of crack

cocaine, twenty-six tablets of a mixture of oxycodone and acetaminophen packaged in a baggy, and a firearm.

DEA agent John Scherbenske testified that the area in Highland Park where Humphries was arrested was known to be an area where heroin, crack, and OxyContin[*] were sold. Typically, OxyContin was sold in tablet form and often was sold as a heroin substitute. Dealers in Highland Park typically carried firearms for protection and intimidation. The tablets' packaging, coupled with the presence of crack and a firearm on Humphries' person, led Scherbenske to conclude that the twenty-six tablets were not for personal use, but intended instead for drug trafficking.

II

This evidence was sufficient to sustain both convictions. See Glasser v. United States, 315 U.S. 60, 80 (1942). With respect to the § 841(a) offense, Humphries clearly knew that he possessed the tablets, for he claimed to Venable that he had a prescription for the tablets. Further, a reasonable factfinder would find intent to distribute based upon Humphries' presence in an open-air drug market, his having a firearm on his person, the number of tablets, and the method of packaging. See United States v. Burgos, 94 F. 3d 849, 873 (4th Cir. 1996) (en banc).

---

[*]OxyContin is the brand name of oxycodone hydrochloride tablets.

The evidence is also sufficient to prove that the firearm "furthered, advanced, or helped forward a drug trafficking crime," see United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). While engaged in drug trafficking in a known open-air drug market, Humphries carried a loaded gun on his person.  Testimony at trial was that drug dealers typically carry weapons to intimidate others and for their own protection.

We accordingly affirm the convictions.  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED